# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV470-MOC-DSC

| | |
|---|---|
| SANDRA E. HOUSTON,<br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | )<br>)<br>)<br>)   **MEMORANDUM AND RECOMMENDATION**<br>)                    **OF REMAND**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and "Memorandum in Support ..." (document #11), both filed May 13, 2011; and Defendant's "Motion For Summary Judgment" (document #14) and "Memorandum in Support ..." (document #15), both filed August 15, 2011. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On November 15, 2005, Plaintiff filed an application for a period of disability, Social

Security Disability Benefits ("DIB"), and Supplemental Security Income ("SSI") alleging she was unable to work as of October 26, 2005. (Tr. 10). Plaintiff's claim was denied initially and on reconsideration.

Plaintiff requested a hearing, which was held on May 15, 2008. During the hearing, the Administrative Law Judge ("ALJ") heard testimony from a Vocational Expert ("VE"). The VE testified that Plaintiff's past relevant work as a phone factory worker, textile cutter, and ironer were light, unskilled jobs. The ALJ presented the VE with the following hypothetical:

> Please assume I find a person who is forty-six years old, has a high school education. Further assume I find they can perform light work. They're limited to the following, occasional climbing, balancing, stooping, kneeling, crouching, crawling, occasional reaching overhead, bilateral. They have a mild limitation on attention, concentration, understanding and just could a person with these limitations perform any of the past relevant work as identified ?

(Tr. 425). The VE stated that given those limitations, Plaintiff would be able to perform all of her past relevant work. (Tr. 426).

On August 8, 2008, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim. The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date; that she suffered back pain which was a severe impairment within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; and that she retained the Residual Functional Capacity ("RFC")[1] to perform light[2] work "except

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing

that [Plaintiff] can occasionally climb, balance, stoop, crawl and kneel. She can occasionally reach overhead bilaterally. She is limited to mild attention, concentration and understanding. <u>The claimant can perform simple, repetitive task work</u>." (Tr. 13) (emphasis added).

The ALJ then determined that Plaintiff "is capable of performing [her] past relevant work as a phone factory worker, a textile cutter and an ironer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 17). The ALJ expressly stated that his conclusion was "based on the testimony of the vocational expert." <u>Id.</u>

Having found that Plaintiff could perform her past relevant work, the ALJ determined that she was not disabled.

Plaintiff filed a timely Request for Review of Hearing Decision. On July 10, 2010, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on September 22, 2010. On appeal, Plaintiff contends that the ALJ "failed to include all of [Plaintiff's] impairments as he found them to be in his hypothetical question to the VE." Plaintiff's "Brief in Support ..." at 10 (document #11). Plaintiff argues that the ALJ limited Plaintiff to "simple, repetitive task work," but failed to include that limitation in the hypothetical he posed to the VE.

The parties' cross-motions for summary judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of

---

a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

4

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] Defendant contends that the ALJ's failure to include Plaintiff's limitation to simple repetitive tasks in his hypothetical to the VE should be overlooked because he expressly limited her to unskilled work. Defendant's "Memorandum in Support ..." at 5-7 (document #15).

Vocational expert testimony must be based upon a consideration of all the evidence in the record and must address a proper hypothetical question that fairly sets forth each of the claimant's impairments. Bennett v. Callahan, 964 F.Supp. 939, 955 (D. Md. 1997), citing Walker v. Bowen, 889 F2d 47, 50-51 (4th Cir. 1989) ("It is well accepted that in order for a vocational expert's opinion to be relevant or helpful . . . it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments.")

Defendant invites the Court to conclude that a limitation to unskilled work is synonymous with a limitation to simple repetitive tasks. There is no indication in the record that the VE or the ALJ reached such a conclusion. As discussed above, it is not the place of a reviewing court to reconsider the evidence. See Hays, 907 F.2d at 1456.

The ALJ's conclusion that Plaintiff could perform her past relevant work is not supported by substantial evidence. At the next hearing, the ALJ should include all of Plaintiff's limitations in any hypothetical he poses to the VE.

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
    inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #10) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #14) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

---

[4]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED.**

Signed: August 24, 2011

David S. Cayer
United States Magistrate Judge