IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv470

| | |
|---|---|
| SANDRA E. HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| Vs. ) | **OF DECISION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the plaintiff's Motion for Summary Judgment (#10); on the defendant's Motion for Summary Judgment (#14); and on the Memorandum and Recommendation of the Honorable David S. Cayer, United States Magistrate Judge, (#16) regarding the disposition of those motions. On September 26, 2011, defendant submitted a timely objection to the Memorandum and Recommendation, and on September 30, 2011, plaintiff filed a reply.

**FINDINGS AND CONCLUSIONS**

**I.      Applicable Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal

issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## II. Discussion

After a careful review of the magistrate judge's recommendation on the parties' motions, the court finds that the magistrate judge correctly determined that the matter should be remanded for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). In the Memorandum and Recommendation, Judge Cayer found that the ALJ's conclusion that the plaintiff could perform her past relevant work was not supported by substantial evidence because the hypothetical posed to the VE did not set forth all of the limitations found by the ALJ. The magistrate, therefore, recommended that the plaintiff's motion for summary judgment be granted; that the defendant's motion for summary judgment be denied; that the Commissioner's decision be reversed; and that

**2**

the matter be remanded for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

Because the defendant has objected to the findings of the magistrate judge, this court conducts a *de novo* review. At the administrative hearing, the ALJ presented a hypothetical to the VE in which he limited a hypothetical claimant to light work with, among other non-exertional limitations, a mild limitation in concentration, attention, and understanding. (Tr. 425.) The VE, referencing the Dictionary of Occupational Titles, testified that a hypothetical claimant with those limitations could perform plaintiff's past, relevant, unskilled work. (Tr. 426.)

The ALJ subsequently found that the plaintiff retained the residual functional capacity ("RFC") to perform light work, "except that [Plaintiff] can occasionally climb, balance, stoop, crawl, and kneel. She can occasionally reach overhead bilaterally. She is limited to mild attention, concentration and understanding. The claimant can perform simple, repetitive task work." (Tr. 13.) Magistrate Judge Cayer noted in the Memorandum and Recommendation that the ALJ did not include in the hypothetical to the VE, however, the limitation that the plaintiff could perform "simple, repetitive task work." (M&R p. 5.) The magistrate judge noted that defendant "invites the Court to conclude that a limitation to unskilled work is synonymous with a limitation to simple repetitive tasks," but the magistrate judge

3

concluded that "there is no indication in the record that the VE or the ALJ reached such a conclusion." (*Id*.)  For this reason, the magistrate judge recommended that the matter be remanded and stated that, "[a]t the next hearing, the ALJ should include all of Plaintiff's limitations in any hypothetical he poses to the VE." (*Id*.)  In the defendant's objection, the defendant contends that the VE's testimony and the ALJ's ultimate RFC assessment *both* reflect that the plaintiff was capable of unskilled work, or simple repetitive tasks and, therefore, the ALJ's reliance on the VE's testimony was proper.  The defendant further contends that because the plaintiff's attorney did not question the VE on this issue at the hearing, the plaintiff should not now be allowed to claim error on appeal.

The court agrees with the finding of the magistrate judge that the hypothetical posed to the VE did not include all of the limitations as found by the ALJ.  Furthermore, the court is not persuaded by the defendant's contention that the plaintiff is now barred from raising the issue because the plaintiff's counsel did not address the issue at the hearing before the ALJ.  Accordingly, the court hereby **ACCEPTS** Judge Cayer's recommendation that a new hearing is appropriate.  In sum, consistent with this Order and the recommendation of the magistrate judge, a new hearing is appropriate for the limited purpose of allowing the ALJ to resubmit a hypothetical to the VE that includes all of the plaintiff's limitations.

4

# ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion for Summary Judgment (#10) is **GRANTED** in part and **DENIED** in part in that the matter will be remanded for a new hearing, the defendant's motion for summary judgment (#14) is **DENIED**, and the case is remanded for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

The Clerk of Court is instructed to prepare a judgment consistent with this Order.

Signed: October 6, 2011

Max O. Cogburn Jr.
United States District Judge